DAVID D. LIN (DL-3666)
JUSTIN MERCER (JM-1954)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY  11201
David@iLawco.com
Justin@iLawco.com
Telephone:  (718) 243-9323
Facsimile: (718) 243-9326

Attorneys for Plaintiff
SHAHN CHRISTIAN ANDERSEN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

X

| | |
|---|---|
| SHAHN CHRISTIAN ANDERSEN, | Index No.: **14-cv-5518** |
| Plaintiff, | |
| -against- | **COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEFAMATION** |
| JOHN DOES 1-20, | |
| Defendants. | **JURY TRIAL DEMANDED** |

X

Plaintiff Shahn Christian Andersen by his attorneys Lewis & Lin LLC, for his complaint against Defendants John Does 1-20 alleges as follows:

### Subject Matter Jurisdiction and Venue

1. This is an action for recovery of damages arising from infringement of Plaintiff's copyrights in his creative works by Defendants John Does 1-10, whose names have not

1

yet been determined; to enjoin Defendants from future infringement; and for defamation under New York common law. Defendants reproduced, distributed and publically displayed, through several Internet websites and web forums certain Plaintiff-owned photographs and audiovisual works.  Defendants have commenced a systematic pattern of online harassment and defamation via various websites, including <encyclopediadramatica.se>, <encyclopediadramatica.es> and <limblengtheningforum.com>, all without revealing their identities.  Upon learning of the specific identity of said Defendant, Plaintiff shall move to substituted the named parties or otherwise amend the Complaint.

2.   This Court has subject matter jurisdiction over the claims pursuant to 17 U.S.C. §§ 101, *et. seq.* and 28 U.S.C. §§ 1331, 1332, and 1338.

3.   This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiff occurred in this District by reason of Defendants' conduct as alleged below. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1400(a) because, upon information and belief, Defendants reside or may be found in this district.

**Parties and Personal Jurisdiction**

5.   Plaintiff Shahn Christian Andersen ("Plaintiff" or "Mr. Andersen") is an individual

residing in the State of New York.

6.     Upon information and belief, Defendant Doe 1 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 1 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 1 is one of a number of individuals who maintains the Internet-based piracy and defamatory websites, <encyclopediadramatica.se> and <encyclopediadramatica.es> (collectively, "Encyclopedia Dramatica"). Doe 1 uses the pseudonym "Autard" when participating on Encyclopedia Dramatica.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 1's true name when ascertained. Upon information and belief, Doe 1 should also be subject to the relief requested herein.

7.     Upon information and belief, Defendant Doe 2 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 2 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 2 is one of a number of individuals who maintains Encyclopedia Dramatica. Doe 2 uses the pseudonym "Hipcrime" when participating on Encyclopedia Dramatica. If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 2's true name when ascertained. Upon information and belief, Doe 2 should also be subject to the relief requested herein.

8.     Upon information and belief, Defendant Doe 3 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 3 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 3 is one of a number of individuals who maintains Encyclopedia Dramatica. Doe 3 uses the pseudonym "VX" when participating on Encyclopedia Dramatica. If necessary, Plaintiff

will seek leave of court to amend this Complaint to state Doe 3's true name when ascertained. Upon information and belief, Doe 3 should also be subject to the relief requested herein.

9.  Upon information and belief, Defendant Doe 4 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 4 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 4 is one of a number of individuals who maintains Encyclopedia Dramatica. Doe 4 uses the pseudonym "BakaRed" when participating on Encyclopedia Dramatica. If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 4's true name when ascertained. Upon information and belief, Doe 4 should also be subject to the relief requested herein.

10. Upon information and belief, Defendant Doe 5 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 5 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 5 is one of a number of individuals who maintains Encyclopedia Dramatica. Doe 5 uses the pseudonym "Boudica" when participating on Encyclopedia Dramatica. If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 5's true name when ascertained. Upon information and belief, Doe 5 should also be subject to the relief requested herein.

11. Upon information and belief, Defendant Doe 6 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 6 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Upon information and belief, Doe 6 is one of a number of individuals who maintains the Internet-based defamatory website,

<limblengtheningforum.com>. According to available WHOIS records, the identity of the registrant and owner of <limblengtheningforum.com> is privacy protected, and such protections may not be removed without a subpoena or Court order. Doe 6 uses the pseudonym "Dameon" when participating on <limblengtheningforum.com>.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 6's true name when ascertained. Upon information and belief, Doe 6 should also be subject to the relief requested herein.

12. Upon information and belief, Defendant Doe 7 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 7 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Doe 7 uses the pseudonym "Sweden" when participating on <limblengtheningforum.com>.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 7's true name when ascertained. Upon information and belief, Doe 7 should also be subject to the relief requested herein.

13. Upon information and belief, Defendant Doe 8 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 8 is unknown to Plaintiff, which sues said Defendant by such fictitious name.  Doe 8 uses the pseudonym "Orlando" when participating on <limblengtheningforum.com>.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 8's true name when ascertained. Upon information and belief, Doe 8 should also be subject to the relief requested herein.

14. Upon information and belief, Defendant Doe 9 is an individual residing in the State of New York. The true name of Defendant sued herein as Doe 9 is unknown to Plaintiff,

which sues said Defendant by such fictitious name.  Doe 9 uses the pseudonym "Ronaldo" when participating on <limblengtheningforum.com>.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe 9's true name when ascertained. Upon information and belief, Doe 9 should also be subject to the relief requested herein.

15. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as Does 10 through 20, are unknown to Plaintiff, which sues said Defendants by such fictitious names (the "Doe Defendants" – including Does 1 through 9). If necessary, Plaintiff will seek leave of court to amend this Complaint to state Doe Defendants' true name when ascertained. Upon information and belief, the Doe Defendants should also be subject to the relief requested herein.

16. At all times material to this action, each of Defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of the other Defendant, and the acts of each Defendant were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of the other Defendant; and each Defendant aided and abetted the other Defendant in the acts of omissions alleged in this Complaint.

17. The Doe Defendants further subjected themselves to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State of New York.  Their false and defamatory post, dated September 2, 2014, on <www.encyclopediadramatica.es/Shahn_Christian_Andersen>, which refereed Plaintiff as a perpetrator of "scams" and "crimes," mentioned Plaintiff's residence in the New York, New York.  Upon information and belief, Defendants did this to optimize search

engine results so that individuals searching for Plaintiff in New York would see Doe

Defendants' false and defamatory posts, thus causing Plaintiff harm in New York.  Doe

Defendants also willfully infringed Plaintiff's copyrights on

<www.encyclopediadramatica.es/Shahn_Christian_Andersen>, which infringement

caused harm to Plaintiff within the State of New York.

18. The Doe Defendants made additional false and defamatory posts, between July 9, 2014

and August 9, 2014, on

<http://www.limblengtheningforum.com/index.php?topic=755.0>, which refereed

Plaintiff as a perpetrator of "scams" and "crimes," called Plaintiff a "scammer" and

"criminal" over two dozen times, and linked to other webpages maintained by Plaintiff

which referenced Plaintiff's New York residence.  Upon information and belief,

Defendants did this to optimize search engine results so that individuals searching for

Plaintiff in New York would see Doe Defendants' additional false and defamatory posts,

thus causing Plaintiff harm in New York.  Thus, personal jurisdiction over Doe

Defendants is also proper in New York pursuant to New York Civil Practice Law and

Rules § 302(a).

### Background Common to all Claims

19. Plaintiff is an actor residing in the State of New York.

20. Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights

under United States copyright with respect to certain copyrighted photographs and

audiovisual works, including but not limited to the copyrighted photographs and

audiovisual works identified in Exhibit A attached hereto.

21. Each of the works at issue is either registered with the United States Copyright Office or

has an application for registration pending.  True and complete copies of registration

certificates or applications for works that are known to have been infringed are attached

hereto as Exhibit A.

22. The Doe Defendants operate, maintain and/or post on the Encyclopedia Dramatica

website.

23. The Doe Defendants, including but not limited to Does 1 through 5, knew the infringed

works belong to Plaintiff, made taunting and defamatory statements about Plaintiff on

Encyclopedia Dramatica and other internet locations, referring to Plaintiff as a perpetrator

of "scams" and "crimes."

24. All Doe Defendants knew or should have known that Plaintiff resided in New York, and

that infringement of his works was likely to cause harm in New York.

25. At various times, Plaintiff discovered and documented a number of Plaintiff's

copyrighted works being publicly displayed and/or distributed by and through the

websites operated by Doe Defendants, including but not limited to Does 1 through 5, to

wit: the Encyclopedia Dramatica websites, and specifically,

<www.encyclopediadramatica.es/Shahn_Christian_Andersen>.

26. Plaintiff previously sent notice to the Internet service provider(s) who hosted Defendants'

websites requesting that the infringing photographs and audiovisual works be removed.

27. Upon information and belief, the service provider(s) either cancelled the former

infringing websites operated by the Doe Defendants and/or removed the infringing

works.  However, each time one site was shut down or one infringing work removed, the

Doe Defendants, including but not limited to Does 1 through 5, started a new infringing

and defamatory website and reposted the same infringing materials along with the

defamatory statements.

28. The Doe Defendants currently operate the latest incarnation of their infringing website at
<www.encyclopediadramatica.es>.

29. The Doe Defendants, without authorization, copied, distributed and/or publically
displayed at least seventy-seven (77) works owned and registered to Plaintiff.

**The Doe Defendants' Wrongful Conduct**

30.  On or about August 2, 2014, Does 1 through 5, writing under pseudonyms "Autard,"
"Hipcrime," "VX," "BakaRed," and "Boudica" authored a harassing and defamatory
"encyclopedia"-type entry on Encyclopedia Dramatica entitled "Shahn Christian
Andersen," (accessible at to the public on the Internet via
<www.encyclopediadramatica.es/Shahn_Christian_Andersen>), accusing Plaintiff of
being without morals, an "insecure sociopath," a perpetrator of "criminal activity,"
"crimes" and "scams," and making various racist and inflammatory remarks about
Plaintiff and Plaintiff's family and children.

31. The Doe Defendants authored the entry in such a fashion that no reasonable person would
believe that the statements made therein were opinion, but rather statements of fact about
Plaintiff.

32. Upon information and belief, other Doe Defendants contributed to and authored the
defamatory Encyclopedia Dramatica entry.

33. The author(s) of the Encyclopedia Dramatica entry did not identify himself or herself.

34. Upon information and belief, Encyclopedia Dramatica generates income via advertising
revenue based on traffic to their website.

35. The above statements are knowingly and materially false, and were made to defame

Plaintiff and drive traffic to Doe Defendants' websites in an effort to increase advertising revenue.

36. On or around July 9, 2014 through August 9, 2014, Defendant Does 6 through 9, writing under pseudonyms "Dameon," "Sweden," "Orlando," and "Ronaldo," authored a false and defamatory weblog posts on LimbLengtheningForum.com (accessible at to the public on the Internet via <http://www.limblengtheningforum.com/index.php?topic=755.0>), which refereed Plaintiff as a perpetrator of "scams" and "crimes," and called Plaintiff a "scammer" and "criminal" over two dozen times.

37. The Doe Defendants authored the weblog posts in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

38. Upon information and belief, other Doe Defendants contributed to and authored the defamatory LimbLengtheningForum.com weblog posts.

39. The above statements are knowingly and materially false and defamatory.

40. The author(s) of the LimbLengtheningForum.com weblog posts did not identify himself or herself.

41. Notably, the Encyclopedia Dramatica entry contains a link to the LimbLengtheningForum.com weblog posts, with the text: "More information about Shahn's *crimes*." Upon information and belief, the Doe Defendants reference the link to the LimbLengtheningForum.com (via the entry on Encyclopedia Dramatica) in an effort to increase advertising revenue by driving web traffic to LimbLengtheningForum.com.

## FIRST CAUSE OF ACTION

### [Copyright Infringement – 17 U.S.C. § 501]

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41 as though fully set forth here.

43. At all relevant times hereto, Plaintiff has been the owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by Defendants through various only infringing websites, including without limitation Encyclopedia Dramatica.

44. For each of the works at issue in this matter, Plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

45. Without authorization, the Doe Defendants reproduced, distributed and publicly displayed the following Plaintiff-owned and copyrighted works: *6 unpublished videos Vol. 1, Jan. 2014*, U.S. Copyright Registration Number Pau 3-737-437 and *71 unpublished photos Vol. 1, January 2014*, U.S. Copyright Registration pending.

46. Plaintiff did not authorize Doe Defendants' copying, display or distribution of his works.

47. Doe Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing, and/or publicly displaying the works by and through various weblogs and websites without proper approval or authorization of Plaintiff.

48. Doe Defendants knew that the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

49. Each of the Doe Defendants distributed Plaintiff's works without identifying themselves and made it difficult, if not impossible, for Plaintiff to detect the illegal activity.

50. Doe Defendants knew their acts constituted copyright infringement.

51. Doe Defendants' conduct was willful within the meaning of the Copyright Act.

52. As a result of their wrongful conduct, Doe Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his reputation and a reduction in the value of the copyrighted works.

53. Plaintiff is entitled to recover damages, which include its losses and any and all profits Doe Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504.

54. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

55. In addition, because Doe Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

56. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### [Contributory Copyright Infringement]

57. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 41, with the same force and effect as if set forth in detail herein again.

58. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

59. Doe Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works.

60. Doe Defendants had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

61. The acts and conduct of Doe Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

### [Vicarious Copyright Infringement]

62. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 41, with the same force and effect as if set forth in detail herein again.

63. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

64. Doe Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

65. Doe Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

66. The acts and conduct of Doe Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION

### [Common Law Defamation and Libel]

67. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 41, with the same force and effect as if set forth in detail herein again.

68. Doe Defendants have intentionally made knowingly false statements of fact about Plaintiff on the Internet at Encyclopedia Dramatica and/or LimbLengtheningForum.com.

69. The aforementioned statements were false when made and Defendant knew or should have known that the statements were false when made.

70. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiff's personal reputation.  The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiff.

71. The aforementioned statements where made of and concerning Plaintiff, and were so understood by those who read Defendants' publication of them.

72. Among other statements, the Doe Defendants falsely accused Plaintiff of being a perpetrator of "scams" and "crimes," called Plaintiff a "scammer" and "criminal" over two dozen times, and made various racist and inflammatory remarks about Plaintiff and Plaintiff's family and children – including insinuating that Plaintiff himself engaged in "racism against niggers."

73. These statements were false, and were published to third parties in this district and across the Internet.

74. All of the false and defamatory statements were made without Plaintiff's permission or authorization, nor any justifiable privilege, all of which is embarrassing, humiliating, harassing and distressing.

75. As a result of the Doe Defendants' past and continued wrongful acts, Plaintiff has endured severe emotional distress and suffered damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants awarding Plaintiff:

1. a judgment against Defendants that have willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

2.      injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff 's;

3.      an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under its control;

4.      general, special, actual and statutory damages pursuant to 17 U.S.C. § 504(b), or enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

5.      actual damages in an amount to be determined at trial, but in no event less than $1,000,000, due to defamation and libel, and an order directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such posts;

6.      exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

7.      That the Court issue an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

8.      attorney's fees and costs pursuant to 17 U.S.C. § 504; and

9.      such other relief as the Court deems just and equitable under the circumstances.


Dated:   Brooklyn, New York
         September 19, 2014


                              Respectfully submitted,

                              Lewis & Lin, LLC


                               _/s David D. Lin_____
                                  David D. Lin

                              Attorneys for Plaintiff
                              SHAHN CHRISTIAN ANDERSEN

## **DEMAND FOR TRIAL BY JURY**

Please take notice that Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure, hereby demands trial by jury for all issues so triable.

Dated:  September 19, 2014.

Respectfully submitted,

Lewis & Lin, LLC

_/s David D. Lin_____
David D. Lin
Attorneys for Plaintiff
SHAHN CHRISTIAN ANDERSEN

**EXHIBIT A**

Copyright Registrations and/or Applications

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**PAu 3-737-437**

**Effective date of registration:**

August 28, 2014

## Title

**Title of Work:** 6 unpublished videos Vol. 1, Jan. 2014

## Completion/Publication

**Year of Completion:** 2013

## Author

■ **Author:** Shahn Christian Andersen

**Author Created:** entire motion picture

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Shahn Christian Andersen

388 Broadway, Suite 5W, New York, NY

## Rights and Permissions

**Organization Name:** Lewis & Lin LLC

**Name:** Justin  Mercer

**Email:** justin@ilawco.com          **Telephone:** 718-243-9323

**Address:** 45 Main Street

Suite 608

Brooklyn, NY 11201  United States

## Certification

**Name:** Justin Mercer

**Date:** August 27, 2014

# *-APPLICATION-*

## Title

**Title of Work:** 71 unpublished photos Vol. 1, January 2014

## Completion/Publication

**Year of Completion:** 2014

## Author

- **Author:** Shahn Christian Andersen
  **Author Created:** photograph(s)

  **Work made for hire:** No
  **Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Shahn Christian Andersen

388 Broadway, Suite 5W, New York, NY

## Rights and Permissions

**Organization Name:** Lewis & Lin LLC
**Name:** Justin Mercer
**Email:** justin@ilawco.com    **Telephone:** 718-243-9323
**Address:** 45 Main Street

Suite 608

Brooklyn, NY 11201  United States

## Certification

**Name:** Justin Mercer
**Date:** August 27, 2014

**Registration #:**

**Service Request #:** 1-1685000561

**Priority:** Routine                **Application Date:** August 27, 2014 05:08:38 PM

## Correspondent  ────────────────────────────────

**Organization Name:** Lewis & Lin LLC

**Name:** Justin  Mercer

**Email:** justin@ilawco.com                **Telephone:** 718-243-9323

**Address:** 45 Main Street
Suite 608
Brooklyn, NY 11201 United States

## Mail Certificate  ────────────────────────────────

Lewis & Lin LLC
Justin Mercer
45 Main Street
Suite 608
Brooklyn, NY 11201